# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**RICKY LABARON POWELL**

**v.**                                                    **Civil No. 1:16-cv-215-HSO**
                                                          **Criminal No. 1:08cr42-HSO-JMR-1**

**UNITED STATES OF AMERICA**

## ORDER DENYING RICKY LABARON POWELL'S [29] MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255; DENYING AS MOOT THE GOVERNMENT'S [35] MOTION TO DISMISS; AND DENYING AS MOOT RICKY LABARON POWELL'S [36] MOTION FOR VOLUNTARY DISMISSAL

BEFORE THE COURT are the following Motions: (1) Ricky Labaron Powell's

Motion [29] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,

filed pursuant to 28 U.S.C. § 2255; (2) the Government's Motion [35] to Dismiss; and

(3) Powell's Motion [36] for Voluntary Dismissal.  After due consideration of the

issues, the record, and relevant legal authority, the Court is of the opinion that

Powell's § 2255 Motion [29] should be denied without an evidentiary hearing.  The

Government's Motion [35] to Dismiss and Powell's Motion [36] for Voluntary

Dismissal are rendered moot.

## I. FACTS AND PROCEDURAL HISTORY

On April 8, 2008, a Grand Jury returned a three-count Indictment [3] against

Ricky Labaron Powell ("Powell").  Powell elected to enter into a Plea Agreement [22]

with the Government and pleaded guilty to Count 1 of the Indictment, which

charged that

> on or about January 22, 2008, in Jackson County, in the Southern Division of the Southern District of Mississippi, the defendant, **RICKY LABARON POWELL**, knowingly received, possessed, concealed, and stored a stolen firearm and ammunition, that is, a loaded Glock semi-automatic pistol, model 21, caliber .45, serial number HMM962, which was moving as, which was part of, and which constituted interstate commerce, knowing and having reasonable cause to believe the firearm was stolen, in violation of Sections 922(j) and 924(a)(2), Title 18, United States Code.

Indictment [3] at 1.

Powell's Plea Agreement [22] with the Government provided, in relevant part, that Powell expressly waived:

> a.    the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
>
> b.    the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255 . . . .

Plea Agreement [22] at 4 (filed under seal).

To assist the Court in sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"). *See* PSR [24] (filed under seal). In the PSR, the probation officer recommended that the appropriate Guideline to consider was United States Sentencing Guideline § 2K2.1(a)(4) (2007 ed.), which called for a base offense level of 20 because Powell had committed this offense subsequent to a felony conviction on March 18, 1999, for Burglary 2nd in Mobile, Alabama, which was determined to be a "crime of violence." *Id.* at 5.

"Crime of violence" is defined in Guideline § 4B1.2(a).

Powell was sentenced on September 25, 2008, to a term of imprisonment of 120 months as to Count 1 of the Indictment. The Court ordered that upon release from imprisonment, Powell was to be placed on supervised release for a term of three years. The Judgment [25] was entered on September 26, 2008. J. [25] at 1-3. Powell did not file a direct appeal.

On June 20, 2016, Powell filed a Motion [29] through counsel pursuant to 28 U.S.C. § 2255 in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Powell asks the Court to re-sentence him without the application of the § 2K2.1 sentencing enhancement. Mot. [29] at 18. Upon the Government's Motion [31], on August 2, 2016, the Court stayed this action pending the United States Supreme Court's final resolution of *Beckles v. United States*, 137 S. Ct. 886 (2017), which was decided on March 6, 2017.

On March 14, 2017, the Government filed a Motion to Dismiss [35] arguing that *Beckles* rendered Powell's Motion substantively meritless, that Powell's § 2255 Motion was untimely, and that Powell waived his right to attack his sentence in the Plea Agreement. Mot. to Dismiss [35] at 3-5. Powell then filed a Motion for Voluntary Dismissal [36] asking the Court to dismiss his § 2255 Motion without prejudice. Mot. for Voluntary Dismissal [36] at 1-2. The Government responds that the Court should deny the § 2255 Motion on its merits or, in the alternative, dismiss it with prejudice. Resp. [37] at 3.

## II. DISCUSSION

A.   Powell's § 2255 Motion will be denied without an evidentiary hearing.

Powell relies upon *Johnson* to argue that the "residual clause" of Sentencing

Guidelines § 4B1.2(a) is unconstitutionally vague, and that in light of *Johnson*,

Powell's previous Alabama state conviction for "Burglary 2nd" does not constitute a

"crime of violence" under the Guidelines.

*Johnson* held that imposing an increased sentence under the "residual

clause" of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B),

violated the Constitution's guarantee of due process.  *Johnson*, 135 S. Ct. at 2563.

*Welch v. United States,* 136 S. Ct. 1257 (2016), held that the rule announced in

*Johnson* applied retroactively to cases on collateral review.  *Welch*, 136 S. Ct. at

1268.

> The ACCA provided that
>
> the term "violent felony" means any crime punishable by imprisonment
> for a term exceeding one year, or any act of juvenile delinquency involving
> the use or carrying of a firearm, knife, or destructive device that would
> be punishable by imprisonment for such term if committed by an adult,
> that--
> (i)     has as an element the use, attempted use, or threatened use of
>         physical force against the person of another; or
> (ii)    is burglary, arson, or extortion, involves use of explosives, *or*
>         *otherwise involves conduct that presents a serious potential risk of*
>         *physical injury to another . . . .*

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The emphasized clause beginning with

"or otherwise" was known as the residual clause.

Section 4B1.2(a) of the Sentencing Guidelines previously contained a residual

clause that was worded identically to the residual clause contained in the ACCA.

*See Beckles v. United States*, 137 S. Ct. 886, 890 (2017) (citing U.S. Sentencing

Guidelines Manual § 4B1.2(a)). *Beckles* considered whether the Guidelines'

residual clause, like the one in the ACCA, was void for vagueness under the Due

Process Clause. *Id. Beckles* held that because the Guidelines are advisory, they are

not subject to a vagueness challenge under the Due Process Clause, such that §

4B1.2(a)(2)'s residual clause was not void for vagueness. *Id.* at 892.

In the present case, Powell's sentence was not enhanced under the ACCA. As

for the residual clause of § 4B1.2, *Beckles* clearly forecloses Powell's arguments. *See*

*Beckles*, 137 S. Ct. at 897. Construing all factual allegations in Powell's favor, he

has not shown that he is entitled to any relief under § 2255.

B.      Powell's Motion is untimely, and he has waived the right to file a § 2255
        Motion.

A § 2255 motion is subject to a one-year statute of limitations that runs from

the latest of:

> (1)    the date on which the judgment of conviction becomes final;
> (2)    the date on which the impediment to making a motion created by
>        governmental action in violation of the Constitution or laws of the
>        United States is removed, if the movant was prevented from
>        making a motion by such governmental action;
> (3)    the date on which the right asserted was initially recognized by the
>        Supreme Court, if that right has been newly recognized by the
>        Supreme Court and made retroactively applicable to cases on
>        collateral review; or
> (4)    the date on which the facts supporting the claim or claims
>        presented could have been discovered through the exercise of due
>        diligence.

28 U.S.C. § 2255(f). In filing his § 2255 Motion over seven-and-a-half years after

the Judgment [25] became final, Powell appears to rely upon subsection (3).

Because *Johnson* does not extend to the Guidelines, *see Beckles*, 137 S. Ct. at 892,

Powell has not asserted a right newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review, *see* 28 U.S.C. § 2255(f)(3).

Powell's § 2255 Motion is untimely. Moreover, Powell expressly waived in his Plea

Agreement the right to contest the sentence or the manner in which the sentence

was imposed in any post-conviction proceeding, including in a § 2255 Motion.

## III. CONCLUSION

Because the § 2255 Motion [29], files, and records conclusively show that

Powell is entitled to no relief, the Court finds that Powell's Motion [29] to Vacate,

Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28

U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Ricky Labaron

Powell's Motion [29] of to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody, filed pursuant to 28 U.S.C. § 2255, is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Government's

Motion [35] to Dismiss and Ricky Labaron Powell's Motion [36] for Voluntary

Dismissal are both **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 20th day of September, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE